The Atchison, Topeka & Santa Fe Railway Company v. E. L. Maxwell, *as Treasurer of Crawford County, Kansas, et al.*

No. 428.  (59 Pac. 1087.)

Railroads— *Taxation— Cities.* In this state railroad property, both in cities and in townships, is assessed by a board of railroad assessors; and the returns of such assessment, when transmitted by the auditor of state to the clerks of the various counties where such property is located, become the only basis for municipal taxation. It follows that where a city of the third class was incorporated after such returns were made for the county in which it was situated, such city could not make a valid levy of taxes for that year upon the railroad property within its limits.

Error from Crawford district court; WALTER L. SIMONS, judge. Opinion filed February 19, 1900. Reversed.

*A. A. Hurd, W. Littlefield,* and *O. J. Wood,* for plaintiff in error.

*T. J. Widby,* for defendants in error.

The opinion of the court was delivered by

MILTON, J. : This action was brought by the Atchison, Topeka & Santa Fe Railway Company to enjoin the collection of certain taxes, purporting to have been levied by the mayor and council of the city of Frontenac, which was incorporated as a city of the third class on July 6, 1895. Prior to that date Frontenac was a part of Washington township, in Crawford county. The levy of the city taxes was made on September 16, 1895, and was certified to and filed with the county clerk on the 23d of that month. The city tax so levied upon the plaintiff's property amounted to $223.67. The plaintiff paid all of its taxes in Crawford county for the year 1895 except the tax levied by said city, no part of which tax was paid or tendered by the plaintiff. The petition alleged the foregoing facts, and also that the county clerk of Crawford county had, without authority of law, assessed the plaintiff's property within the city of Frontenac as being one and five-tenths miles of main track and five miles of side-track, of the value of $22,367; whereas the mileage was one and three-tenths miles of main track and three and forty-one hundredths miles of side-track, the value of which, as assessed by the state railroad assessors, was $17,729. The court sustained a general demurrer to the petition, and entered judgment in favor of the defendants for costs.

The only question requiring consideration is whether there was a valid assesment of railroad property in the city of Frontenac for the year 1895. The question is a novel one and precedents are wanting. The law provides that after the annual assessment of railroad property is made by the state board of railroad assessors the auditor of state shall, on or before the 20th day of May in each year, make returns of such assessment to the clerks of the various counties in which such properties are situated, showing the following, among other data : Number of miles of main track and number of miles of side-track in each city and township in the county, and the amount of valuation that shall be placed upon such property to the credit of each city and township.

It is the duty of the county clerk, as soon as such returns are received by him, to certify to the proper officer of each school district, city and township in his county in or through which any portion of the railroad is located the amount of such assessment that is to be placed upon the tax-roll for the benefit of such school district, city, or township. The mayor and council of each city thereafter make the tax levy for such city and certify the same to the county clerk, to be placed on the tax-roll of the county; and such levies must be so certified on or before the 25th day of August annually. "Railroad property, both in cities and in townships, is assessed by a board of railroad assessors." (*Ritchie v. Mulvane*, 39 Kan. 251, 17 Pac. 830.) Such an assessment includes not only a listing of the railroad property but also a valuation of the same for the purposes of taxation. (*Coal Co. v. Emlen*, 44 Kan. 123, 24 Pac. 340.) No such assessment was made of the railroad property within the city of Frontenac for the year 1895. There was therefore no basis

for the attempted levy. We do not understand that
the county clerk was authorized, under the provision
of the law respecting property omitted from the assess-
ment roll, to assess the plaintiff's property as he un-
dertook to do. There having been no legal assessment
of the plaintiff's property within the city of Frontenac
for the year 1895, and no returns thereof, the levy in
question was invalid. It follows that the trial court
erred in sustaining the demurrer to the petition and
in entering judgment in favor of the defendants for
costs.

The judgment will be reversed, and the cause re-
manded for further proceedings in accordance with
the foregoing views.